**Ernest HUFFMAN, Plaintiff Below, Appellant,**

v.

**C. C. OLIPHANT & SON, INC., a Delaware corporation and United States Fidelity and Guarantee Company, Defendant Below, Appellees.**

Supreme Court of Delaware.

Submitted June 8, 1981.

Decided July 14, 1981.

---

Douglas W. Lundblad (argued), and John J. Schmittinger of Schmittinger & Rodriguez, Dover, for plaintiff below, appellant.

Frederick W. Iobst (argued), of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant below, appellees.

Before HERRMANN, C. J., McNEILLY and QUILLEN, JJ.

McNEILLY, Justice:

This case involves a question of the Superior Court's subject matter jurisdiction in a suit to compel payment of workmen's compensation benefits under a compensation agreement. The Superior Court held that it had concurrent jurisdiction over the case along with the Industrial Accident Board ("Board") and deferred to the exercise of jurisdiction by the Board. Therefore, the Superior Court dismissed plaintiff's action therein. We reverse.

The basic facts underlying this controversy are quite simple. Plaintiff received a compensable injury in an industrial accident while working for C. C. Oliphant & Son, Inc. ("Oliphant"). Oliphant's workmen's compensation insurance carrier is U. S. Fidelity and Guarantee Co. ("USFG"). USFG entered a compensation agreement with plaintiff for payment of benefits. Some time thereafter, the parties agreed that plaintiff was no longer disabled and payments were discontinued by mutual agreement. Approximately four years after the accident, plaintiff's injury recurred. Consequently, plaintiff and USFG entered a

second agreement for payment of compensation which was approved by the Board. In June, 1979, USFG allegedly received information that plaintiff had rejected a suitable employment offer which had been arranged for him by USFG. Claiming that plaintiff was no longer entitled to compensation pursuant to 19 *Del.C.* § 2353(c)[1] for unreasonable refusal of the employment offer, USFG unilaterally stopped payments to plaintiff under the agreement. USFG neither sought nor received permission to discontinue payments from plaintiff or the Board. In August, 1979, plaintiff submitted a written demand to USFG for payment of compensation under the Board-approved agreement; USFG refused. In September, 1979, plaintiff filed this action in the Superior Court seeking payment of the compensation withheld by USFG, statutory liquidated damages and attorney's fees. On December 6, 1979, plaintiff also filed a petition with the Board for a rule to show cause why USFG should not be held in contempt for failure to pay plaintiff's compensation under the agreement and for an order requiring the insurer to pay such compensation. On December 7, 1979, Oliphant and USFG filed a petition with the Board to terminate plaintiff's compensation under the agreement. In January, 1980, while both petitions were pending before the Board, USFG finally made payment to plaintiff of all amounts due under the agreement from the time of the unilateral termination of payments the previous June. Thereafter, USFG and Oliphant moved for dismissal of the Superior Court action. Before the Superior Court ruled on defendants' motion, the Board held a hearing to consider, *inter alia*, the merits of the petition to terminate plaintiff's compensation. In May, 1980, the Board entered its decision denying the petition to terminate compensation, finding that plaintiff continued to be totally disabled. In January, 1981, the Superior Court granted defendants' motion to dismiss plaintiff's action. From that determination plaintiff has appealed.

In order to properly address the jurisdictional issue presented, it is first necessary to focus upon the substantive basis for plaintiff's action in the Superior Court. Plaintiff's basic claim is that from June, 1979 to January, 1980, Oliphant and its insurer wrongfully withheld payment of compensation due to plaintiff. On the basis of undisputed facts in the record, the only possible conclusion is that the insurer's unilateral decision to suspend payments under the agreement with plaintiff was wrongful. Specifically, 19 *Del.C.* § 2347 expressly prohibits this kind of unilateral action. That statute provides in pertinent part:

> "Compensation payable to an employee ... shall not terminate until and unless the Board enters an award ending the payment of compensation after a hearing upon review of an agreement or award, provided that no petition for review, hearing or an order by the Board shall be necessary to terminate compensation where the parties to an award or an agreement consent to the termination."

In this case defendants admitted that payments of compensation to plaintiff had been made pursuant to a Board-approved agreement and were unilaterally suspended by defendants without a Board award ending the payment of compensation and without the consent of plaintiff to the termination. The alleged "good faith" belief of an employer or an insurer that the employee is no longer entitled to compensation is irrelevant under this statute. If the employee does not consent to the termination of compensation, payments must be continued until such time as the Board determines, after a hearing on the merits, that compensation should be terminated. In short, absent the employee's consent, the determination of whether an employee continues to be entitled to compensation under the law is to be made by the Board before compensation is suspended or terminated, and not by the

---

1. This statute provides:

    "If an injured employee refuses employment procured for him and suitable to his capacity, he shall not be entitled to any com-pensation at any time during the continuance of such refusal, unless in the opinion of the Board such refusal was justifiable."

employer or its insurer. Thus, defendants herein clearly violated the express terms of § 2347 by unilaterally suspending payments to plaintiff under the agreement.

Once it is determined that the suspension of payments by Oliphant and USFG was wrongful, the question becomes one of what relief is available to plaintiff and from whence is such relief obtainable. We partially agree with the Court below that the Board had jurisdiction to provide relief to plaintiff in this situation. As noted above, the suspension of payments was unlawful under § 2347. Under 19 *Del.C.* § 2121(a),[2] the Board has general jurisdiction over matters arising under the workmen's compensation laws of this State, including, *inter alia*, claims of wrongful termination of compensation payments under § 2347. However, the only relief which the Board may grant to an employee bringing such a claim is to simply order that payments be made according to law. Although in certain limited situations the Board may also enter sanctions against an insurer that fails to make compensation payments as due, see 19 *Del.C.* § 2362, nothing in the workmen's compensation laws gives the Board the power to grant relief to an employee beyond the payment of past due compensation amounts from the insurer.

Plaintiff argues, and we agree, that there is an additional remedy available to employees in wrongful suspension or termination of compensation situations. The Legislature has expressly provided, in 19 *Del.C.* § 2357, that, "If default is made by the employer for 30 days after demand in the payment of any amount due under this chapter, the amount may be recovered in the same manner as claims for wages are collectible." Wage claims are covered by Title 19, Chapter 11 of the Delaware Code. Thus, pursuant to § 2357, an employee with a claim based on the employer's alleged failure to pay compensation due after proper demand has been made may elect to pursue an action under Chapter 11. It is

undisputed in this case that plaintiff did make a written demand for payment which the insurer refused to honor, thus bringing the case within the terms of § 2357.

Jurisdiction to hear claims under Chapter 11 is conferred by 19 *Del.C.* § 1113(a) which provides:

"A civil action to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction by any 1 or more employees for and in behalf of himself or themselves, or such employee or employees may designate an agent or representative to maintain such action."

Obviously, in order to give effect to the provisions of § 2357, the reference in § 1113(a) to "wages" must be construed to include claims based on unpaid workmen's compensation benefits due after proper demand therefor has been made. Section 1113(a) grants jurisdiction over such cases to "any court of competent jurisdiction." Clearly, this includes the Superior Court. Equally clear is the fact that the statute does not confer jurisdiction over workmen's compensation claims arising under § 2357 and Chapter 11 on the Board. Therefore, to the extent that the decision below was based on the Superior Court's view that the Court and the Board have concurrent jurisdiction over workmen's compensation claims arising under § 2357 and Chapter 11, it was in error and must be reversed.

This latter point is important since the relief available to an employee under Chapter 11 is broader than that available from the Board in cases such as this. As indicated above, the only relief which the Board may grant to an employee is an order that the employer or insurer make payment of all compensation wrongfully withheld. Such relief is also available in an action under Chapter 11. However, additionally 19 *Del.C.* § 1103(d) provides that in a proper case "the employer shall, in addition, be liable to the employee for liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday

**2.** Section 2121(a) provides in pertinent part: "The Board shall have jurisdiction over all cases arising under Part II of this title and shall hear disputes as to compensation to be paid under Part II of this title."

and legal holidays, upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages, whichever is smaller . . . ." Also, 19 *Del.C.* § 1113(c) provides that if an employee is entitled to a judgment under Chapter 11, the judgment "shall include an award for the costs of the action, the necessary costs of prosecution and reasonable attorney's fees, all to be paid by the defendant." The decision of the Superior Court dismissing plaintiff's action effectively precluded plaintiff from recovering the liquidated damages, costs and attorney's fees to which he may well be entitled under Chapter 11.

Based on the foregoing, we conclude that the Superior Court had subject matter jurisdiction over plaintiff's action arising under 19 *Del.C.* § 2357 and Chapter 11, and that the Board did not have such jurisdiction. Therefore, the Court below erred in dismissing plaintiff's claims without consideration of the merits thereof.

The judgment of the Superior Court dismissing plaintiff's action is hereby REVERSED, and the case is REMANDED for further proceedings consistent herewith.