ARTHUR TURNER, Plaintiff Below-Appellant,
v.
CITY OF WILMINGTON Defendant Below, Appellee.
No. 480, 2006.
Supreme Court of Delaware.
Submitted: December 19, 2006.
Decided: March 12, 2007.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 12th day of March 2007, it appears to the Court that:
(1) Appellant Arthur Turner filed this civil action against the City of Wilmington in Superior Court for liquidated damages, attorneys fees and costs under the Wage Payment and Collection Act based upon to the City's delay in payment of his worker's compensation benefits. The Superior Court granted summary judgment in favor of the City of Wilmington because the Wage Payment and Collection Act ("WPCA") expressly exempts political subdivisions from damages under the Act. Turner argues in this appeal that the City is not exempt under the WPCA because his claim is rooted in the Worker's Compensation Act. We find no merit to his appeal and affirm.
(2) On November 19, 2003, Turner injured his lower back and legs in a work related motor vehicle accident. As a result, Turner suffered loss of earnings and medical expenses. Although the City of Wilmington disputed responsibility, the Industrial Accident Board disagreed. The Board awarded medical witness and attorney fees to be paid no later than November 26, 2004.
(3) On December 8, 2004, Turner made a demand pursuant to Huffman v. C.C. Oliphant & Son, Inc.,[1] which included $2,100.00 for the medical witness fee, $499.33 for the medical witness deposition transcript and $5,250 in attorney's fees. Turner received no payment and filed this civil action pursuant to Huffman in the Superior Court on January 6, 2005. On February 10, 2005, the City paid the medical witness fee of $2,100.00 and the attorney's fee of $5,250.00. On March 8, 2005, the City paid the transcript fee directly to the reporter.
(4) Turner argues that the Superior Court erred as a matter of law in concluding that the City is exempt from Huffman damages. We review claims of statutory construction de novo.[2]
(5) Section 2357 of the Worker's Compensation Act provides:
If default is made by the employer for 30 days after demand in the payment of any amount due under this chapter, the amount may be recovered in the same manner as claims for wages are collectible.[3]
In Huffman v. C.C. Oliphant & Son, Inc., this Court construed § 2357 to allow a recovery of damages for wrongfully withheld benefits to be collected pursuant to WPCA.[4] The Court explained that "[i]n order to give effect to the provisions of § 2357, the reference in § 1113(a) to 'wages' must be construed to include claims based on unpaid workmen's compensation benefits due after proper demand therefor has been made."[5] Thus, § 2357 incorporates the remedies of the WPCA into the Workers' Compensation Act including liquidated damages,[6] costs and attorney's fees.[7] Because the Workers' Compensation Act incorporates by reference the WPCA, any limitations of remedies included in the WPCA are also incorporated, including the exclusion of municipalities in §§ 1101(a)(3) and (4). Both of these subsections expressly provide that "[t]his chapter does not apply to employees of the United States government, the State of Delaware, or any political subdivision thereof."
(6) Turner relies upon National Union Fire Ins. Co. v. McDougall[8] to support his argument. In McDougall, a case involving a private employer, we addressed whether the statute of limitations set forth in the Worker's Compensation Act or the statute of limitations set forth in the WPCA[9] applied to a claim for wrongful withholding of benefits.[10] Relying in part on § 2305 of the Worker's Compensation Act,[11] we held that the five-year statute of limitations within the Worker's Compensation Act applied. Turner's reliance on McDougall is misplaced, however, because McDougall involved two conflicting statutes, requiring the Court to engage in statutory interpretation. The statutory provisions at issue here do not conflict, nor are they ambiguous. The remedies of the WPCA are unavailable to employees of the United States government, the State of Delaware or any political subdivision such as the City of Wilmington.
(7) Turner next argues that an interpretation precluding Huffman damages against the City is against public policy. We disagree. Public policy in Delaware is determined by the General Assembly. The General Assembly has decided as a matter of public policy that political subdivisions should be exempt from claims under the WPCA. "It is beyond the province of courts to question the policy or wisdom of an otherwise valid law.[12]"
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] 432 A.2d 1207 (Del. 1981).
[2] Anchor Motor Freight v. Ciabattoni, 716 A.2d 154, 156 (Del. 1998); Sandt v. Delaware Solid Waste Auth., 640 A.2d 1030, 1032 (Del. 1994).
[3] 19 Del. C. § 2357.
[4] Huffman, 432 A.2d at 1210.
[5] Id.
[6] 19 Del. C. § 1103(b) ("If an employer, without any reasonable grounds for dispute, fails to pay an employee wages, as required under this chapter, the employer shall, in addition, be liable to the employee for liquidated damages in the amount of 10 percent of the unpaid wages for each day.").
[7] 19 Del. C. § 1113(c) ("Any judgment entered for a plaintiff in an action brought under this section shall include an award for the costs of the action, the necessary costs of prosecution and reasonable attorney's fees, all to be paid by the defendant.").
[8] 877 A.2d 969 (Del. 2005).
[9] 10 Del. C. § 8111.
[10] McDougall, 877 A.2d at 974-75.
[11] 19 Del. C. § 2305 provides: "No agreement, rule, regulation or other device shall in any manner operate to relieve any employer or employee in whole or in part from any liability created by this chapter, except as specified in this chapter."
[12] In re Adoption of Swanson, 623 A.2d 1095, 1099 (Del. 1993) ("We have long held that our courts do not sit as a superlegislature to eviscerate proper legislative enactments.").