Hermilo RAMIREZ, Plaintiff
Below–Appellant,

v.

Jeremy MURDICK, M & A Construc-
tion, Inc., and M & A Construction,
Defendants Below–Appellees.

No. 635, 2007.

Supreme Court of Delaware.

Submitted: March 7, 2008.
Decided: April 29, 2008.
Reargument Denied May 20, 2008.

David A. Boswell, Esquire, of Schmittinger & Rodriguez, P.A., Rehoboth Beach, DE, for appellant.

Jessica L. Julian, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, DE, for appellees.

Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

RIDGELY, Justice:

Plaintiff–Appellant Hermilo Ramirez filed a *Huffman* claim [1] seeking liquidated damages, attorneys' fees and costs for the late payment of Worker's Compensation benefits. He appeals the Superior Court's grant of summary judgment in favor of the Defendants–Appellees, Jeremy Murdick, M & A Construction, Inc. and M & A Construction (the "Employer"). The Superior Court determined that the remedies under 19 *Del. C.* § 2357 did not apply because the default in payment was less than thirty days from when the benefits were due to be paid.

Ramirez makes two arguments on appeal. First, he contends that the Superior Court erred in its interpretation and application of two provisions of the Workers' Compensation Act, specifically 19 *Del. C.* §§ 2357 and 2362(c). Second, he argues that the Superior Court erred by converting Employer's motion to dismiss into a motion for summary judgment. We find no merit to Ramirez's first argument. We also find that although the Superior Court

---

**1.** *See Huffman v. C.C. Oliphant & Son, Inc.,* 432 A.2d 1207 (Del.1981) and 19 *Del. C.* § 2357.

erred in converting the motion without notice, the error was harmless. Accordingly, we affirm.

## I. Facts

The facts are undisputed. While working for Employer as a construction worker, Ramirez was injured. He filed a petition with the Industrial Accident Board seeking payment of workers' compensation benefits. On February 8, 2007, the parties entered into a settlement agreement under which Employer would pay Ramirez total disability benefits and medical expenses. That same day, Ramirez's counsel wrote a letter to Employer's counsel making a *Huffman* demand that the benefits be paid within thirty days of his letter. The employer mailed payment on March 14, and Ramirez's counsel received the payments on March 16, which occurred thirty-four and thirty-six days after Ramirez made his *Huffman* demand, respectively.

Ramirez filed a complaint in Superior Court seeking liquidated damages, attorneys' fees and costs under 19 *Del. C.* § 2357, claiming Employer did not submit payment within thirty days of his *Huffman* demand. Employer filed a motion to dismiss, contending that it made the payment within thirty days of February 22, 2007; the date payment was due as prescribed by statute. The Superior Court converted the motion to dismiss to a motion for summary judgment since matters outside the pleadings needed to be considered.[2] Based on its interpretation of 19 *Del. C.* § 2362(c), as it applies to 19 *Del. C.* § 2357, the court found that Employer defaulted on February 23, the fifteenth day after the February 8 agreement. The court also found that the payment was made within thirty days of the default. Accordingly, the Superior Court granted summary judgment in favor of Employer. This appeal followed.

## II. Discussion

■ Ramirez argues that the Superior Court erred in dismissing his complaint because the thirty-day demand period under 19 *Del. C.* § 2357[3] runs concurrently with the fourteen-day period for payment under 19 *Del. C.* § 2362(c).[4] We review the Superior Court's construction of the Workers' Compensation Act *de novo.*[5]

### A.

■ Civil actions filed under 19 *Del. C.* § 2357 "to collect unpaid workers' compensation awards have become known as '*Huffman*' claims"[6] after the case of *Huffman v. C.C. Oliphant & Son, Inc.*[7] Section 2357 entitles a worker to liquidated damages, attorneys' fees and costs in the event of default by the employer thirty days after demand is made "of any amount due."[8] As we noted in *Le Van v. Indepen-*

---

2. *Ramirez v. Murdick,* 2007 WL 4171117, at *1 (Del.Super.).

3. 19 *Del. C.* § 2357 provides: "If default is made by the employer for 30 days after demand in the payment of any amount due under this chapter, the amount may be recovered in the same manner as claims for wages are collectible."

4. 19 *Del. C.* § 2362(c) provides, in relevant part: "In the event that the parties reach a written agreement as to compensation due to claimant, payment of compensation shall

commence within 14 days of the date of that agreement."

5. *LeVan v. Independence Mall, Inc.,* 940 A.2d 929, 932 (Del.2007); *Page v. Hercules,* 637 A.2d 29, 32 (Del.1994).

6. *National Union Fire Insurance Co. v. McDougall,* 877 A.2d 969, 971 (Del.2005).

7. 432 A.2d 1207 (Del.1981).

8. 19 *Del. C.* § 2357; *Huffman,* 432 A.2d at 1210–11; *see also Johnson Controls, Inc. v.*

*dence Mall, Inc.,*[9] "the focus of the Huffman award must be on the employer's failure to pay once the thirty day default period has expired after proper demand."[10] When an amount is due to a claimant "the date a Huffman demand letter is mailed is sufficient to trigger the statutory period to pay benefits . . . ."[11]

"The goal of statutory construction is to determine and give effect to legislative intent."[12] "If a statute is not reasonably susceptible to different conclusions or interpretations, courts must apply the words as written, unless the result of such a literal application could not have been intended by the legislature."[13] Here, we must determine the intent of the legislature in defining when an amount is due after a settlement agreement.

Section 2362(c) of Title 19 defines when an amount is due to be paid after a settlement agreement. Under this provision, "payment of compensation shall commence *within 14 days* of the date of that agreement."[14] There is nothing ambiguous about when payment is due under this provision. Because the settlement agreement between the parties was made on February 8, the statute required that payment be made within fourteen days of that agreement. As a matter of law, the amount due date was no later than February 22. A *Huffman* demand, therefore, for an amount due would be timely and proper after that date. The Employer would be subject to *Huffman* liability thirty days after that demand.[15]

The record in this case shows that payment was mailed by Employer's counsel on March 14. This was within the thirty day period contemplated by 19 *Del.*

*Barkley,* 2006 WL 3087238, at \*2 (Del.Supr.) ("This Court recognized in *[Huffman]* that the Delaware Code allows an employee-plaintiff to recover liquidated damages, costs and attorney's fees when an employer or insurance company wrongfully withholds workers' compensation benefits.") (citations omitted).

9. 940 A.2d 929 (Del.2007).

10. *Id.* at 934 (quoting *Acro Extrusion Corp. v. Cunningham,* 810 A.2d 345, 348 (Del.2002)) (emphasis added).

11. *Id.*

12. *Id.* at 932 (quoting *Eliason v. Englehart,* 733 A.2d 944, 946 (Del.1999)).

13. *Leatherbury v. Greenspun,* 939 A.2d 1284, 1289 (Del.2007). *See also In re Adoption of Swanson,* 623 A.2d 1095, 1096–97 (Del.1993) ("If the statute as a whole is unambiguous and there is no reasonable doubt as to the meaning of the words used, the court's role is limited to an application of the literal meaning of those words."); *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.,* 636 A.2d 892, 900 (Del.1994) ("[W]ords in a statute should not be construed as surplusage if there is a reasonable construction which will give them

meaning and courts must ascribe a purpose to the use of statutory language, if reasonably possible.") (citations omitted).

14. 19 *Del. C.* § 2362(c) (emphasis added). Additionally, the employer may face civil penalties. *See* 19 *Del. C.* § 2362(e) ("If, following a hearing, the Board determines that the employer or its insurance carrier failed in its responsibilities under subsections (a), (b), (c), or (d) of this section, it shall assess a fine no less than $500 and no more than $2,500. This fine shall be payable to the Workers' Compensation Fund.").

15. The Superior Court correctly noted that a demand letter cannot in and of itself create a default in payment where one has not yet occurred. *See Ramirez v. Murdick,* 2007 WL 4171117, at \*2 (Del.Super.). While the *Huffman* demand in this case was premature, Ramirez would not have had to make a second, timely *Huffman* demand. *See Delmarva Warehouses, Inc. v. Yoder,* 2001 WL 1329691, at \*1 (Del.Supr.) ("[I]t would amount to an unreasonable elevation of form over substance to require the employee to reassert his demand in order to trigger the employer's obligation to pay the award."); *see also Cunningham,* 810 A.2d at 348 (discussing *Yoder*).

C. § 2357. Because the default was for less than thirty days from the date the amount was due, the remedies under 19 *Del. C.* § 2357 do not apply. The Superior Court did not err in its interpretation and application of the Workers' Compensation Act.

### B.

■ Next, Ramirez argues that the Superior Court erred in converting his motion to dismiss into a motion for summary judgment. We review rulings on motions to dismiss pursuant to Rule 12(b)(6) and motions for summary judgment *de novo.*[16]

■ In *Appriva Shareholder Litigation Co. v. EV3, Inc.,*[17] we explained that "in reviewing the Superior Court's decision to convert a motion to dismiss into a motion for summary judgment, we will examine three issues: [i] whether the materials submitted required conversion; [ii] whether the parties had adequate notice of the trial court's intention to convert; and [iii] if the parties did not have notice, whether the trial court's failure to provide notice was harmless error."[18] Superior Court Civil Rule 12(b)(6) expressly requires that if matters outside the pleadings are considered, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[19]

"An error in converting a Rule 12(b)(6) motion without notice is harmless only where there is 'no set of facts on which plaintiffs could possibly recover.' "[20]

■ The Superior Court converted the motion to one for summary judgment in this case because it was considering matters that were outside of the pleadings.[21] The parties agree that they did not have notice of the Superior Court's intention to convert the motion. The parties also agree, as they did in Superior Court, that the facts pertinent to this litigation are undisputed. This case turned upon the court's application of two statutes to undisputed facts. Although the Superior Court erred in not giving notice of the conversion, this error was harmless because there are no facts on which Ramirez could recover under 19 *Del. C.* § 2357. Employer's payment was made within thirty days of the amount being due.

### III. Conclusion

The judgment of the Superior Court is **AFFIRMED.**

**16.** *Asbestos Workers Local Union No. 42 Welfare Fund v. Brewster,* 940 A.2d 935, 940 (Del. 2007) ("We review a grant of summary judgment *de novo.");* *In re Gen. Motors (Hughes) S'holder Litig.,* 897 A.2d 162, 167–68 (Del. 2006) ("This Court reviews *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6).");  *Account v. Hilton Hotels Corp.,* 780 A.2d 245, 248 (Del.2001) ("This Court reviews *de novo* a lower court's decision to grant a motion to dismiss."); *Bagwell v. Prince,* 1996 WL 470723, at *2 (Del.Supr.) ("The standard and scope of review by this Court of a decision granting motion to dismiss or denying a motion for summary judgment is *de novo.").*

**17.** 937 A.2d 1275 (Del.2007).

**18.** *Id.* at 1286 (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir.1999)) (internal quotation marks and brackets omitted).

**19.** Super. Ct. Civ. R. 12(b)(6).

**20.** *Id.* at 1288 (quoting *Rose v. Bartle,* 871 F.2d 331, 342 (3d Cir.1989)).

**21.** *Ramirez v. Murdick,* 2007 WL 4171117, at *1 (Del.Super.).