# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROBERT STINSON,                  )
                                 )
            Plaintiff,           )
                                 )
    v.                           )        C.A. No. N16C-05-135 VLM
                                 )
HOME DEPOT USA, INC.;            )
LIBERTY MUTUAL INSURANCE         )
COMPANY,                         )
                                 )
            Defendants.          )
                                 )

Submitted: May 1, 2017
Decided: June 8, 2017

## ORDER

*Upon Consideration of Plaintiff's Motion for Reargument,* **DENIED.**

**AND NOW TO WIT**, this 8th day of June, 2017, upon consideration of Plaintiff Robert Stinson's Motion for Reargument of the Court's April 20, 2017 Order granting Defendant Home Depot USA, Inc. ("Home Depot")'s Motion for Judgment on the Pleadings, Home Depot's response thereto, and the record in this case, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reargument is **DENIED**, for the following reasons:

1. On April 20, 2017, this Court granted Home Depot's Motion for Judgment on the Pleadings.[1] The Court held that "no material issue of fact [existed] regarding whether the parties [*i.e.*, Plaintiff and Home Depot] agreed to settle Plaintiff's lost wages claim sufficient to trigger *Huffman* damages."[2] Additionally, the Court granted the motion with respect to Plaintiff's two other *Huffman* claims: one for medical expenses and the other for mileage reimbursement.[3] Plaintiff now moves to reargue that Order, filing this Motion for Reargument ("Motion") on April 27, 2017.[4] Home Depot responded on May 1, 2017.[5] The Motion is now ripe for decision.

2. A motion for reargument under Delaware Superior Court Civil Rule 59(e) permits the Court to reconsider "its findings of fact, conclusions of law, or judgment. . . ."[6] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[7] To prevail on a motion for reargument, the movant must

---

[1] *See Stinson v. Home Depot USA, Inc.*, 2017 WL 1505223 (Del. Super. Apr. 20, 2017).

[2] *Id.* at *7 (citing *Huffman v. C.C. Oliphant & Son, Inc.*, 432 A.2d 1207 (Del. 1981)).

[3] *See id.* ("Because no 'amount due' was ever established for Plaintiff's lost wages, medical expenses, and mileage reimbursement *Huffman* claims, Home Depot is entitled to judgment as a matter of law.").

[4] *See* D.I. #30 (Apr. 27, 2017) [hereinafter Motion].

[5] *See* D.I. #31 (May 1, 2017) [hereinafter Response].

[6] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969). *See* DEL. SUPER. CT. CIV. R. 59(e).

[7] *Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007).

demonstrate that "the Court has overlooked a controlling precedent or legal principle[], or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[8] Further, "[a] motion for reargument is not a device for raising new arguments,"[9] nor is it "intended to rehash the arguments already decided by the court."[10] Such tactics frustrate the interests of judicial efficiency and the orderly process of reaching finality on the issues.[11] The moving party has the burden of demonstrating "newly discovered evidence, a change of law, or manifest injustice."[12]

3. Plaintiff argues that the Court "overlooked the application of 19 *Del. C.* § 1104, which requires payment by the Employer of wages payable to the Claimant, in those instances where the parties agree that some wages are owed, but cannot agree on the sum due."[13] He argues that Home Depot, at least in part,

---

[8] *Bd. of Managers of Del. Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003).

[9] *Id.*

[10] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[11] *See Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004).

[12] *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995).

[13] Motion at ¶ 2 (citing *Nevins v. Bryan*, 2006 WL 246890 (Del. Super. Jan. 5, 2006) (denying motion for reargument of motion to proceed *in forma pauperis* and dismissing complaint for malicious prosecution); *Gass v. Truax*, 2002 WL 1426537 (Del. Super. June 28, 2002) (granting defendant's motion for judgment as a matter of law based on insufficiency of expert testimony under D.R.E. 702)).

agreed to pay some disability benefits to Plaintiff on January 24, 2011.[14] Therefore, he argues that § 1104 *"requires* payment of that amount [] the Employer conceded is not in dispute."[15] Because Home Depot purportedly failed to pay *"any* disability benefits," Plaintiff contends that it violated § 1104 and, therefore, the Court's dismissal of the Complaint on Home Depot's motion was unwarranted.[16]

4.      In response, Home Depot maintains that Plaintiff's argument under § 1104 was never raised before this Motion: neither in his Complaint nor in his Response to Home Depot's motion.[17] Accordingly, Home Depot argues that the Motion should be summarily dismissed.[18] As to the merits of Plaintiff's Motion, Home Depot contends that 19 *Del. C.* § 2357, under which Plaintiff raised his *Huffman* claims, does not provide an avenue for raising a *Huffman* claim based on § 1104; § 2357 explicitly states that an employer's default on an employee's demand for payment of an amount due *"under this chapter"* may be recovered

---

[14] *See* Motion at ¶ 4.

[15] *Id.* (emphasis in original).

[16] *Id.* (emphasis in original).

[17] *See* Response at 1-2. *See also generally* Plaintiff's Letter Response, D.I. #27 (Feb. 24, 2017); Plaintiff's Reply Brief in Opposition to Defendant Home Depot USA, Inc.'s Motion for Judgment on the Pleadings, D.I. #15 (Oct. 28, 2016); Complaint, D.I. #1 (May 13, 2016).

[18] *See* Response at 2.

under Title 19, Chapter 11 of the Delaware Code.[19] Because a claim under § 1104 is not a claim arising under Title 19, Chapter 23 of the Delaware Code, Home Depot argues that Plaintiff's Motion is without merit as a matter of law.[20]

5.    Plaintiff's argument positing the applicability of § 1104 is a new argument and will not be considered by this Court. An argument that is raised for the first time on a motion for reargument will not be considered absent a showing of newly discovered evidence.[21] However, Plaintiff does not demonstrate the existence of any newly discovered evidence. Instead, he claims that the Court overlooked a statutory provision that he did not present to the Court until this Motion. The Court cannot "overlook" an argument that Plaintiff failed to raise when responding to the Motion for Judgment on the Pleadings.[22]

### *Conclusion*

6.    For the foregoing reasons, Plaintiff's Motion for Reargument is **DENIED**.

---

[19] Response at 2-3 (emphasis in original). *Compare* 19 *Del. C.* § 2357 (2013 & Supp. 2016), *with* 19 *Del. C.* § 1104.

[20] *See* Response at 2-3.

[21] *See, e.g., Plummer v. Sherman*, 2004 WL 63414, at *2 & n.6 (Del. Super. Jan. 14, 2004) (citations omitted); *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995).

[22] Because the Court finds that the Motion raises a new argument that was not raised earlier in the proceedings, the Court does not consider the merits of Plaintiff's argument and Home Depot's response to the same.

**IT IS SO ORDERED.**

Judge Vivian L. Medinilla

oc:    Prothonotary
cc:    All Counsel of Record (via e-filing)