# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **ID No. 1308024062** |
| | ) | |
| | ) | **Cr.A. No. IN14-04-1009** |
| **JAMES H. LOVE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Submitted: April 15, 2016
Decided: April 20, 2016

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

This 20th day of April, 2016, upon consideration the briefs of the parties and the record in this matter, it appears to the Court that:

(1)     James H. Love was indicted on April 14, 2014, for a single count of Murder by Abuse or Neglect in the First Degree.[1]  His indictment stemmed from the death of his daughter, three month-old Ashley Hanna-Love, on August 17, 2012.  Ashley was transported to the hospital after suffering cardiac arrest.  Upon examination Ashley was found to have incurred fatal head trauma, over one dozen fractures in different stages of healing, multiple bruises, and a healed, torn frenulum.  Love was her sole caregiver at that time.

---

[1]     DEL. CODE ANN. tit. 11, § 634 (2012).  This was actually a re-indictment, Love having first been indicted for the same offense on September 3, 2013.

(2)     Just a month after his indictment, the Court ordered Love, at his counsel's request, to undergo a mental health evaluation that was to focus on his competency to stand trial and his mental status at the time of Ashley's murder (D.I. 7).  The report was submitted several months later (D.I. 13).  Defense counsel had reserved the right to request a competency hearing (D.I. 15), but after receiving his own expert's mental health evaluation, counsel rightly decided that no competency hearing was necessary (D.I. 19).  Love pleaded guilty to first degree murder by abuse in December 2014.[2]   And on March 13, 2015, after completion of a presentence investigative report, the Court entered a verdict of Guilty but Mentally Ill ("GBMI")[3] and sentenced Love to serve 35 years at Level V, suspended after 20

---

[2]     *See* Plea Agreement and TIS Guilty Plea Form, *State v. James H. Love*, ID No. 1308024062 (Del. Super. Ct. Dec. 8, 2014).

[3]     DEL. CODE ANN. tit. 11, § 401(b) (2013)  ("Where the trier of fact determines that, at the time of the conduct charged, a defendant suffered from a mental illness or serious mental disorder which substantially disturbed such person's thinking, feeling or behavior and/or that such mental illness or serious mental disorder left such person with insufficient willpower to choose whether the person would do the act or refrain from doing it, although physically capable, the trier of fact shall return a verdict of "guilty, but mentally ill."); *id.* at § 408(a) ("Where a defendant's defense is based upon allegations which, if true, would be grounds for a verdict of 'guilty, but mentally ill' or the defendant desires to enter a plea to that effect, no finding of 'guilty, but mentally ill' shall be rendered until the trier of fact has examined all appropriate reports (including the presentence investigation); has held a hearing on the sole issue of the defendant's mental illness, at which either party may present evidence; and is satisfied that the defendant did in fact have a mental illness at the time of the offense to which the plea is entered.").

years for 15 years at Level IV (DOC Discretion), suspended after one year for two years at Level III.[4] Love filed no direct appeal from his conviction or sentence.

(3) This is Love's first and timely motion for postconviction relief. He claims several grounds of ineffective assistance of counsel alleging: (1) that his counsel failed to negotiate Love's mental state in the plea agreement; (2) that his counsel failed to place Love's case in mental health court; (3) that his counsel failed to advise Love of the consequences of taking a plea deal; and (4) that his counsel "hid" Love's mental health evaluation results.[5] Love's trial/plea counsel, Joseph M. Leager, Esquire, submitted an affidavit regarding Love's claims (D.I. 30), the State submitted its response (D.I. 34), and Love filed a reply (D.I. 35).

(4) A defendant who claims ineffective assistance of counsel must demonstrate that: (1) his defense counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[6] When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a challenged guilty plea, a defendant must show "that there is a

---

[4] *See* Sentencing Order, *State v. James H. Love*, ID No. 1308024062 (Del. Super. Ct. Mar. 13, 2015).

[5] Def.'s Rule 61 Mot., at 3.

[6] *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015).

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[7]  There is always a strong presumption that counsel's representation was reasonable.[8]  So the defendant may not rely on conclusory statements of ineffective assistance; he must instead plead all allegations of prejudice with particularity.[9]

(5)   The record belies Love's claim that his counsel did not "fully negotiate [Love's] mental state within the plea."  In his affidavit, Leager states that he and the State discussed and considered both of the mental health experts' reports when negotiating the plea agreement.  Love's Truth-in-Sentencing Form indicates that Love freely pled guilty but mentally ill and also references Love's two psychiatric/psychological diagnoses.[10]  The plea agreement further mentions Love's decision to plead guilty but mentally ill.[11]  From the record, it appears Love's mental health was the subject of extensive discussion throughout the case

---

[7]  *See Albury v. State*, 551 A.2d 53, 59 (1988); *Sartin v. State*, 2014 WL 5392047, at *2 (Del. Oct. 21, 2014) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)); *State v. Hackett*, 2005 WL 3060976, at *3 (Del. Nov. 15, 2005).

[8]  *See Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[9]  *See Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

[10]  *See* TIS Guilty Plea Form, *State v. James H. Love*, ID No. 1308024062 (Del. Super. Ct. Dec. 8, 2014).

[11]  *See* Plea Agreement, *State v. James H. Love*, ID No. 1308024062 (Del. Super. Ct. Dec. 8, 2014).

and was addressed during Love's plea negotiations. In turn, there is no evidence of deficient representation by Love's counsel.[12]

(6) Love's claim that Leager erred by somehow failing to get his case into Mental Health Court is without merit. Not only is a defendant charged with murder ineligible for Mental Health Court,[13] but even when a defendant is eligible, it is a collaborative decision of all parties—not defense counsel's alone—to place his matter there.[14] Thus, Love's second claim also fails. There was neither unreasonable representation nor any possible prejudice. This case was never going to Mental Health Court.[15]

(7) Love's third claim—that counsel failed to advise him of the consequences of taking the plea—is conclusory and without support. First, to the extent Love suggests his should have been a "plea by incompetence," there no such

---

[12] *See, e.g., State v. McGlotten*, 2011 WL 987534, at *4 (Del. Super. Ct. Mar. 21, 2011) ("If a defendant cannot establish both prongs, then the ineffective assistance of counsel claim fails."); *State v. Brooks*, 2008 WL 624995, at *2 (Del. Super. Ct. Mar. 10, 2008) (stating that a defendant "must prove both prongs to prevail on an ineffective assistance claim, and the failure to prove the first prong is fatal to the entire claim").

[13] *Cf. Miller v. State*, 2014 WL 7010949, at *4, n.7 (Del. Dec. 9, 2014) (noting that "defendants charged with sex offenses, homicide, domestic violence, weapons offenses, or offenses involving serious bodily injury" are not eligible for mental health court).

[14] *See generally* http://courts.delaware.gov/superior/mentalhealth/ (last visited Apr. 20, 2016).

[15] *Id.* ("**Not eligible for the program** are defendants charged with sex offenses, homicide, domestic violence, weapons offenses, or offenses involving serious bodily injury.") (emphasis in original).

plea available in Delaware law.[16] As previously noted, Love's counsel fully investigated his mental health issues and determined he had no basis to challenge Love's competency to proceed. Next, Leager discussed the plea agreement with Love "on at least sixteen occasions."[17] Love indicated in the Truth-in-Sentencing Guilty Plea Form that he was satisfied with counsel's representation.[18] And finally, during his plea colloquy, Love agreed that counsel discussed the charge and the consequences of his guilty plea with him.[19] There being no clear and convincing contrary evidence, Love is bound by his answers on the guilty form and during his colloquy.[20]

(8) Likewise, Love's claim that counsel "hid" the State's mental health evaluation is unsupported by the record. There was only one evaluation completed by the Delaware Psychiatric Center (DPC); the State, defense, and the Court all had access to that evaluation (D.I. 13). Leager confirmed that he fully discussed DPC's mental health evaluation with Love, and the defense's own expert relied

---

[16]    *See* Def.'s Rule 61 Mot., at 3.

[17]    Defense Counsel's Aff. at ¶ 2(c).

[18]    *See* TIS Guilty Plea Form, *State v. James H. Love*, ID No. 1308024062 (Del. Super. Ct. Dec. 8, 2014).

[19]    *See* Plea Colloquy Tr. at 12-19, Ex. A to State's Resp. to Def.'s Rule 61 Mot.

[20]    *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Smith v. State*, 1996 WL 21050 (Del. Jan. 5, 1996).

and expanded upon that report in his evaluation.[21]  There is nothing in the record to suggest that either party lacked access to the DPC evaluation at any time.  To the contrary it is quite clear that Leager considered it, discussed its content with Love, and sought his own expert's evaluation of Love's mental health status based, in part, upon it.  Far from demonstrating representation below an objective standard of reasonableness,[22] it is clear that Leager did all he could with the psychiatric/psychological evidence that both the State and defense had generated or collected.[23]

(9)  For the first time in his reply, Love requests that the Court "grant conflict counsel" to press the claims brought here.[24]  If this is a request for appointment of counsel under Criminal Rule 61(e)(2), it is denied.  For an inmate like Love, the Court "***may*** appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo

---

[21]  Defense Counsel's Aff. at ¶ 2(d).

[22]  *See Scott v. State*, 7 A.3d 471, 475 (Del. 2010) ("To prevail on a claim of ineffective assistance of counsel, a defendant must show that . . . counsel's performance was deficient, i.e., that counsel's representation fell below an objective standard of reasonableness . . . .").

[23]  *See State v. Sykes*, 2014 WL 619503, at *12 (Del. Super. Ct. Jan. 21, 2014) (citations omitted) ("A defendant asserting ineffective assistance counsel claims must establish both (1) deficient performance by trial counsel and (2) prejudice suffered as a result of the deficient performance.  This inquiry may be undertaken in any order, and if the defendant fails to establish either prong, then the entire claim must fail.").

[24]  Def.'s Reply, at 6.

contendere *only* if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel."[25] Rule 61(e)(2)(ii) requires that the motion set forth a "substantial" ineffective assistance claim. "A substantial claim that the movant received ineffective assistance of counsel"[26] is one that the movant has demonstrated "has some merit."[27] Love's request does not satisfy Rule 61(e)(2)(ii) because as discussed above, Love has set forth no meritorious claim of ineffective assistance of counsel. As such, the Court will not now belatedly appoint him counsel to further "assist in these claims as stated."

(10) Love has not met his burden of showing that counsel's representation fell below an objective standard of reasonableness or that, but for counsel's errors,

---

[25] Super. Ct. Crim. R. 61(e)(2) (emphasis added).

[26] *Id.*

[27] *See*, *e.g.*, *Martinez v. Ryan*, 566 U.S. 1, __, 132 S. Ct. 1309, 1318 (2012) (articulating the standard for overcoming a procedural default and obtaining federal review of an IAC claim: "a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit").

he would not have pleaded guilty and instead proceeded to trial. Accordingly, Love's Motion for Postconviction Relief must be **DENIED.**

**SO ORDERED this 20th day of April, 2016.**

_____
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc: Josette D. Manning, Deputy Attorney General
    Joseph M. Leager, Esquire
    Mr. James H. Love, *pro se*