IN THE SUPERIOR COURT OF THE STATE OF DELAWARE1
IN AND FOR NEW CASTLE COUNTY

LESLIE KESTING,                              )
     Plaintiff,                          )
     v.                                  )    C.A. No. N14C-07-095 ALR
RIVER ROAD SWIMMING CLUB    )
d/b/a RIVER ROAD SWIM CLUB,  )
RIVER TERRACE                       )
COOPERATIVE, INC., UNITED      )
WATER DELAWARE, INC., CITY    )
OF WILMINGTON, DELAWARE,     )
NEW CASTLE COUNTY,               )
DELAWARE, STATE OF               )
DELAWARE, and PROGRESSIVE    )
POOL MANAGEMENT, INC.,          )
     Defendants.                         )

Submitted: December 12, 2014
Decided: December 15, 2014

***Upon Defendant New Castle County's Motion to Dismiss***
**DENIED WITHOUT PREJUDICE**

Plaintiff Leslie Kesting alleges that on August 31, 2012, she slipped and fell into an "open manhole" ("Manhole") at the intersection of Haines Road and River Road, New Castle County, Delaware. Defendant New Castle County filed a motion to dismiss pursuant to Rule 12(b)(6).[1] Plaintiff opposes the County's motion. The Court heard oral argument.

---

[1] Super. Ct. Civ. R. 12 (b)(6).

The Court must accept all well-pled allegations in Plaintiff's complaint as true.[2] A motion to dismiss for failure to state a claim upon which relief can be granted will not be granted if the plaintiff may recover under any conceivable set of circumstances susceptible of proof under the complaint.[3] All reasonable inferences shall be in favor of the non-moving party.[4]

The County and Municipal Tort Claims Act ("Tort Claims Act") applies to Plaintiff's claims against New Castle County. The Tort Claims Act states that "all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."[5] The Tort Claims Act provides circumstances where a governmental entity waives sovereign immunity:

> "(1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary. (2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.[6]

Plaintiff requests a reasonable opportunity to argue that her injuries fall under an exception to sovereign immunity. New Castle County argues that

---

[2] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002).
[3] *Spence v. Funk*, 396 A.2d 967 (Del. 1978); *Rawley v. J.J. White, Inc.*, 918 A.2d 316, 319 (Del. 2007).
[4] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002).
[5] 10 *Del. C.* § 4011.
[6] 10 *Del. C.* § 4012.

Plaintiff's Complaint should be dismissed because the Tort Claims Act provides blanket protection and that the alleged injuries do not meet any waiver exceptions. Although the exceptions in the Tort Claims Act are narrowly construed,[7] granting a motion to dismiss is only appropriate if Plaintiff is unable to recover under any conceivable set of circumstances.

When New Castle County's Motion is considered in a light most favorable to Plaintiff, the possibility remains that her injuries resulted from a failure to maintain the manhole as stationary equipment or an appurtenance to a public building.[8] New Castle County has not satisfied the high standard required for granting a motion to dismiss. Plaintiff should have the opportunity to clarify whether her injuries fall under the exceptions listed in the Tort Claims Act. It is therefore appropriate to deny New Castle County's Motion to Dismiss at this time.

**NOW, THEREFORE, this 15th day of December, 2014, Defendant New Castle County's Motion to Dismiss is hereby DENIED without prejudice.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[7] *See Fiat Motors of N. Am., Inc. v. Mayor of Wilm.*, 498 A.2d 1062, 1066 (Del. 1985); *Sadler v. New Castle Cnty.*, 565 A.2d 917, 921-23 (Del. 1989); *Moore v. Wilm. Hous. Auth.*, 619 A.2d 1166, 1168-69 (Del. 1993).

[8] 10 *Del. C.* § 4012.