IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

DOCTOR'S ASSOCIATES, INC.,     )
                                 )  C.A. No.  K13J-00403 JTV
         Plaintiff,           )
                                 )
      v.                          )
                                 )
TROY W. WINDHAM,             )
                                 )
         Defendant.       )

*Submitted: May 30, 2014*
*Decided: August 25, 2014*

Josiah R. Wolcott, Esq., Connolly Gallagher, LLP, Wilmington, Delaware.
Attorney for Plaintiff.

Patrick Scanlon, Esq., Milford, Delaware.  Attorney for Defendant.

*Upon Consideration of Plaintiff's*
*Motion to Hold Inquisition Hearing*
*at Bar for the Calculation of Damages*
**DENIED**

**VAUGHN, President Judge**

*Doctor's Associates, Inc. v. Windham*
C.A. No.   K13J-00403 JTV
August 25, 2104

# ORDER

Upon consideration of the plaintiff's Motion to Hold Inquisition Hearing at Bar for the Calculation of Damages, the defendant's opposition thereto,[1] and the record of this case, it appears that:

1.     On January 25, 2005, the plaintiff, Doctor's Associates, Inc. ("DAI"), entered into a franchise agreement with the defendant, Troy Windham, for a Subway restaurant in Delaware.[2]  After a period of time, the plaintiff accused the defendant of breaching the franchise agreement, which led to an arbitration hearing in Connecticut on July 14, 2010.  At the arbitration hearing, the arbitrator found in favor of DAI, which resulted in termination of the franchise agreement.  In the Superior Court of Connecticut, the defendant sought to vacate the arbitrator's decision and the plaintiff sought to confirm it.  On January 23, 2012, the Superior Court of Connecticut denied the defendant's application to vacate the arbitrator's decision and granted the plaintiff's application to confirm it.[3]  The defendant appealed to the Appellate Court of Connecticut and in connection therewith, on March 19, 2013, the

---

[1] On May 29, 2014 at 2:52 p.m., the defendant filed "Defendant's Response to Plaintiff's Motion to Hold Inquisition at Bar for the Calculation of Damages." Trans. ID 55515408.  On May 29, 2014 at 3:28 p.m., the defendant filed "Motion to Dismiss Plaintiff's Motion to Hold Inquisition at Bar for the Calculation of Damages." Trans. ID 55515935.  The defendant's latter filing elaborates on the defendant's arguments in the former filing.  The Court deems the former filing as the defendant's response and therefore, will not consider the latter filing.

[2] The plaintiff and defendant actually entered into a franchise agreement for two Subway stores: # 6109 and # 11581.  The action in this Court only concerns store # 6109.

[3] *Windham v. Doctor's Associates, Inc.,* 2012 WL 234048 (Conn. Super. Jan. 3, 2013).

2

plaintiff was granted an order for prejudgment remedy ("PJR") against the defendant in the amount of $145,000.[4]  On April 23, 2013, the plaintiff filed the PJR as a foreign judgment in this Court.  On November 26, 2013, the Appellate Court of Connecticut affirmed the Superior Court of Connecticut's confirmation of the arbitration award and its PJR award.[5]

2.      On April 15, 2014, the plaintiff filed this Motion to Hold Inquisition Hearing at Bar for the Calculation of Damages.  In the plaintiff's motion, the plaintiff contends that the amount of the PJR is incomplete.  The plaintiff requests a hearing to fully calculate the damages under the July 14, 2010 arbitration award.

3.      The defendant objects to the plaintiff's request on the basis that a foreign judgment cannot be for a greater amount than the judgment amount determined in the originating state.  The defendant contends that if damages were not determined in Connecticut, then Delaware should not undertake to determine them because to do so would risk inconsistent determinations.

4.      The Connecticut PJR remedy is unfamiliar to  Delaware courts. Therefore, the Court looks to Connecticut law to understand PJRs.  In Connecticut, a PJR is:

> any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil

---

[4]  The defendant filed a motion to dismiss the prejudgment remedy, which was denied. The defendant appealed this decision to the Appellate Court of Connecticut as well.

[5]  *Doctor's Associates, Inc. v. Windham,* 81 A.3d 230 (Conn. App. 2013).

3

> action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order.[6]

For a Connecticut court to grant a PJR, Connecticut law has particular procedures that must be followed.[7]

5.      With regard to foreign judgments, Delaware law provides, in pertinent part, as follows:

> The prothonotary shall treat the foreign judgment in the same manner as a judgment of the Superior Court of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying, as a judgment of the Superior Court of this State and may be enforced or satisfied in like manner.

I find that this statute governs proceedings on foreign judgments filed in the Office of the Prothonotary. The reopening of a judgment is governed by Superior Court Civil Rule 60(b).[8] Under Rule 60(b), this Court has discretion to reopen a judgment upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) satisfaction of the judgment; or (6) "extraordinary circumstances" justifying relief from the operation of the

---

[6]  Conn. Gen. Stat. Ann. § 52-278a (West).

[7]  Conn. Gen. Stat. Ann. § 52-278c-i (West).

[8]  *White v. State*, 919 A.2d 562 (Del. 2007) (discussing the Superior Court's refusal to grant a motion to reopen judgment in the context of Rule 60(b)).

judgment.[9]  The plaintiff has not asserted that this case falls into one of the grounds upon which a judgment may be reopened.  The plaintiff simply asserts that the judgment is incomplete, and it wants to fully calculate the damages awarded under the arbitration award.

6.      I am not aware of any precedent for holding an inquisition at the bar on an existing judgment, and I am not persuaded that any such procedure exists.  The standard for reopening a judgment not having been established, the plaintiff's motion is ***denied***.

**IT IS SO ORDERED**.


                              /s/   James T. Vaughn, Jr.
                                      President Judge


cc:    Prothonotary
       Order Distribution
       File

---

[9] *Id.*; Super. Ct. Civ. R. 60(b).

5