IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JDT WELLS FARGO BANK, NA,    :

            :

      Plaintiff,    :    C.A. No. K15C-03-003 NEP

            :    In and for Kent County

      v.    :

            :

EARL STRONG,    :

            :

      Defendant.    :

            :

## ORDER

Submitted: May 1, 2018
Decided: May 16, 2018

**UPON CONSIDERATION OF** the Motion to "Reopen and Dismiss" (hereinafter the "Motion") filed by Defendant, Earl Strong (hereinafter "Mr. Strong"), the Court finds that the Motion is without merit and is **DENIED**.

Mr. Strong executed a promissory note in 2004, which was later acquired by Plaintiff Wells Fargo Bank (hereinafter "Wells Fargo"). Mr. Strong subsequently defaulted on the loan, and Wells Fargo filed suit to collect. This Court granted summary judgment in Wells Fargo's favor (hereinafter the "Judgment Order"). The Judgment Order was appealed to and affirmed by the Delaware Supreme Court. Wells Fargo thereafter filed a writ of *levari facias* to expose a parcel of Smyrna real property owned by Mr. Strong (hereinafter the "Property") to public sheriff's sale.

In his motion, Mr. Strong alleges seven "causes for dismissal": (1) the *levari facias* was never served on Mr. Strong; (2) this matter should be dismissed because Mr. Strong is in bankruptcy; (3) this Court lacked jurisdiction because the Court's prior order dismissed the claim; (4) Wells Fargo does not possess the promissory

note; (5) the Judgment Order was void because the Court had previously dismissed the claim; (6) the Court's October 6, 2015 order granting dismissal did not address some of Mr. Strong's arguments; and (7) the Judgment Order is in Mr. Strong's name rather than his wife's.

Although never cited in Mr. Strong's motion, Superior Court Civil Rule 60 controls the disposition of a motion for relief from an order of this Court, and the Court shall so construe Mr. Strong's motion. Motions for relief brought pursuant to Rule 60(b) are addressed to the Court's sound discretion.[1] Rule 60(b) sets forth six possible grounds for relief:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A grant of relief under Rule 60(b) requires a showing of "extraordinary circumstances." Litigants are prohibited from using a 60(b) motion "as a substitute

---

[1] *Wife B v. Husband B*, 395 A.2d 358, 359 (Del. 1978).

for a timely-filed appeal,"[2] or as a motion for reargument to "indefinitely challenge the underlying motion's precepts."[3]

Here, as indicated previously, the Delaware Supreme Court has affirmed the Judgment Order. Mr. Strong is not entitled once again to challenge this Court's order on the merits by filing a motion for relief from judgment. Additionally, it is worth noting that Mr. Strong has marshaled no legal authority whatsoever in his motion, which has hindered his ability to meet his burden of demonstrating entitlement to relief from this Court's judgment.[4] Nevertheless, the Court examines the motion's arguments.

Mr. Strong's first argument, that he was never served with the *levari facias*, is contradicted by the record. The record shows that notice of the sale was posted to the Property on April 17, 2018. Even assuming Mr. Strong is correct in stating that he resided outside Kent County, the service requirements of 10 *Del. C.* § 4973 allow service on a defendant that "does not reside in the county" by leaving notice "at the mansion house or other public place on the premises."

Mr. Strong is also mistaken that this action should be stayed due to his bankruptcy action. By order dated August 18, 2017, the United States Bankruptcy

---

[2] *White v. State*, 919 A.2d 562 (Del. 2007).

[3] *Bryant v. Way*, 2012 WL 4086167, at *5 (Del. Super. Sept. 14, 2012).

[4] *Shaw v. Bank of Am., N.A.*, 113 A.3d 1081 (Table) 2015 WL 1880397 at *2 (Del. 2015) (affirming trial court's denial of 60(b) relief where movant failed to demonstrate existence of "mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, misrepresentation or other misconduct, voidness, satisfaction, release, discharge, reversal or vacation of a prior judgment, or any other equitable reason justifying relief from judgment . . . .").

Court for the District of Delaware granted Wells Fargo relief from the automatic stay,[5] and his subsequent motion for stay was dismissed by order of the United States District Court for the District of Delaware on February 14, 2018.[6]

Mr. Strong's arguments three, four, five, and seven are barred by *res judicata* and collateral estoppel.[7] These arguments have been repeatedly rejected by this Court and the Delaware Supreme Court,[8] and need not be reexamined here because, as the Delaware Supreme Court has already explained to Mr. Strong, his "defenses to the issue of his liability under the Note" have already been "raised and rejected" by the Supreme Court, and they may not be continuously relitigated.[9]

Mr. Strong's final argument is that this Court did not address all of Mr. Strong's arguments in its October 6, 2015, order granting dismissal. Mr. Strong has presented no legal argument that the Court was required to address each of his

---

[5] *In re Earl Strong*, Case No. 17–10106 (BLS).

[6] *In re Strong*, No. 17–50646 (BLS).

[7] *See Betts v. Townsends, Inc.*, 765 A.2d 531, 534 (Del. 2000) ("[R]es judicata bars a court . . . from reconsidering conclusions of law previously adjudicated while collateral estoppel bars relitigation of issues of fact previously adjudicated.").

[8] Mr. Strong's arguments three, four, and five are repetitions of his previously rejected arguments that this Court's previous dismissal of Wells Fargo's claim—which was later vacated—prevents the note's enforcement now. *See e.g.*, *Strong v. Wells Fargo Bank, NA*, 157 A.3d 1234 (Table) 2017 WL 772531 at *1 (Del. 2017) (rejecting Mr. Strong's argument that the note was barred by *res judicata* and collateral estoppel); *Wells Fargo Bank, NA v. Strong*, 2015 WL 9594717 at *1 (Del. Super. Dec. 22, 2015) (same); *Wells Fargo Bank, NA v. Strong*, 2016 WL 2620503 at *1 (Del. Super. Feb. 26, 2016) (rejecting Mr. Strong's arguments that the note is fraudulent). Mr. Strong's argument seven is a repetition of his earlier argument that he was not the owner of the Property because he transferred it to his wife. This Court, in an order dated December 19, 2017, rejected Mr. Strong's arguments that his fraudulent conveyance to his wife was effective, and struck the conveyance.

[9] *Strong v. Wells Fargo Bank, NA*, 2017 WL 772531 at *1.

arguments or that this alleged injustice necessitates relief from judgment. Further, this argument is meritless because that order was later vacated on November 19, 2015, and had no impact on the eventual outcome of the matter.

In conclusion, Mr. Strong's motion fails to allege extraordinary circumstances or carry his burden of demonstrating any mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, misrepresentation or other misconduct, voidness, satisfaction, release, discharge, reversal or vacation of a prior judgment, or any other equitable reason justifying relief from judgment.

**WHEREFORE**, for the foregoing reasons, the motion is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos

Judge

*Sent via File&ServeXpress and U.S. Mail*
oc:    Prothonotary
cc:    Earl Strong