# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
) Def. I.D. #  2406006304
)
v. )
)
)
JOSHUA COLE, )
)
Defendant. )

Order Date: April 25, 2025
Opinion Date: May 14, 2025

*Upon Defendant's Motion to Dismiss*

**GRANTED**

**<u>MEMORANDUM OPINION AND ORDER</u>**

Heather Lingo, Esquire, Deputy Attorney General, Department of Justice, 13 The Circle, Georgetown, DE 19947; Attorney for State of Delaware.

Melissa S. Lofland, Esquire, Assistant Public Defender, 14 The Circle, 2nd Floor, Georgetown, DE 19947; Attorney for Defendant Joshua Cole.

**KARSNITZ, R.J.**

## Introduction

We ask a lot – and expect a lot – from our public servants such as prosecutors and public defenders. They have heavy caseloads and function within governmental offices that have their own unique lines of communication and public policy objectives. All the while, we ask these lawyers to adhere to the constantly changing legal and ethical imperatives attendant to the practice of criminal law. We should therefore be understanding and forgiving of ordinary human mistakes and nonprejudicial errors where possible. But where, as here, the constitutional rights of a criminal defendant are compromised, we must recognize, address and correct it.

## Factual Background

On June 12, 2024, at approximately 10:26 p.m., Joshua Cole ("Defendant") allegedly failed to navigate a curve while driving, exited the roadway, and struck a ditch, causing a single-vehicle accident. He was arrested on June 13, 2024. Defendant waived his Preliminary Hearing on June 20, 2024, and the case was accepted in Superior Court. The State of Delaware (the "State") filed an Indictment on July 23, 2024, charging Defendant with Driving Under the Influence 3rd Offense, Driving While Suspended or Revoked, Failure to Have Required Insurance, Careless Driving, and Unsafe Speed.

## Procedural Background

On June 24, 2024, Defendant filed a Request for Discovery. An initial discovery packet was filed on June 28, 2024, and a supplemental discovery packet was filed on August 8, 2024.

At Initial Case Review on October 7, 2024, Defendant informed the State that there were discovery issues regarding the discovery that had been provided, specifically that the 911 Call, the 911 Call for Service Report, the 911 Certification, the Mobile Video Recorder footage, and the Body Worn Camera footage contained in the initial discovery packet were not related to Defendant's case. The State was also informed that the following discovery items had not been provided: Defendant's chromatograms for his blood test, the chain of custody documents for Defendant's blood sample, certified copies of any alleged prior convictions, recorded witness statements, Defendant's statements, and Defendant's medical records and Emergency Medical Service records.

Because of these issues, Initial Case Review was rescheduled for December 16, 2024. Unfortunately, Defendant's counsel was ill on that date, so Initial Case Review was rescheduled for February 11, 2025. On February 11, 2025, the same discovery issues existed. Defendant was given a Final Case Review Date of April 23, 2025, and a Trial Date of April 28, 2025.

On the Final Case Review Date, April 23, 2025, the State had not provided Defendant with any further discovery. Defendant still did not have Defendant's statements, any witness statements, any recorded video footage, any medical or EMS records, or any proof of prior convictions. The State had not notified Defendant of any expert witnesses or anticipated expert witness testimony.

On April 23, 2025, Defendant filed a Motion *in Limine* or, in the Alternative, a Motion to dismiss (the "Motion"). On April 25, 2025, the State filed a Response to Defendant's Motion to Dismiss. After oral argument, I granted Defendant's Motion to Dismiss from the bench. This is the written opinion which I promised would be forthcoming.

**Defense Argument**

In the Motion, Defendant objected to the admissibility at trial of any incomplete discovery that had already been provided in the initial discovery packet filed on June 28, 2024, and the supplemental discovery packet that was filed on August 8, 2024. Indeed, this discovery information pertained to another Mr. "Cole" and not Defendant. Defendant further objected to the admissibility at trial of any new discovery information that he had requested, and the State had failed to provide. Defendant argued that such discovery, even if provided now, would come too late. Defendant argued that there was no reasonable explanation of the State's

4

failure to provide the discovery requested, as it had been in the State's possession for ten months.

In the alternative, in the Motion Defendant argued that, since the State's case depended almost entirely upon a combination of the officer's Mobile Video Recorder and Body Worn Camera video footage, witness statements, Defendant's statements, and expert testimony and documentation, and since this information had not been provided to Defendant, if that discovery information were excluded, the State cannot proceed with a prosecution and the case must be dismissed.

Under either argument, Defendant asserted that he had been prejudiced, as he now faced an imminent trial without having had an adequate opportunity to prepare his defense.

Defendant also asserted that he did not bear the burden, once the State was put on notice of incorrect, incomplete or missing discovery items, of continuing to remind the State of its obligation to timely produce those items.

## State's Argument

The State responded that, with respect to Initial Case Review on October 7, 2024, its file does not contain notes about missing or incorrect discovery items, but rather about plea negotiations. It is possible that the State verbally asked counsel for Defendant to forward a list of the missing or incorrect

5

discovery items so that the State could have a complete and accurate list to discuss with staff. Another possibility is that the State interpreted the raising of discovery issues as Defendant seeking a specific goal, like a modified plea. In any event, it was impractical for the State to record a written list of missing or incorrect discovery items at Initial Case Review.

With respect to Initial Case Review on December 16, 2024, when Defendant's counsel was ill, the State suggests that, although Defendant's case may have been rescheduled, there were no substantive discussions about the case. For the February 11, 2025, Initial Case Review, the State did not have authority to modify Defendant's plea offer, but was hopeful that it could do so prior to Final Case Review on April 23, 2025. The State has no notes indicating that discovery issues were discussed on either December 16, 2024, or February 11, 2025.

In short, the State argues that at no time during the case were the discovery issues placed in writing by Defendant and addressed to the State, nor were there any emails about discovery sent from Defendant's counsel or motions to compel filed by Defendant.

## Analysis

Delaware Superior Court Criminal Rule 16 governs discovery, including disclosure of evidence by the State, disclosure of evidence by the defendant, the continuing duty to disclose, the regulation of discovery, and the following provision with respect to failure to comply with a request for discovery:

> If at any time during the course of the proceedings the court determines that a party has failed to comply with this Rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. In determining an appropriate remedy, the court shall consider whether the party seeking a remedy moved to compel compliance with this Rule.[1]

In this case, there is no dispute that the State has failed to comply with its discovery obligations under this Rule. The Rule gives me considerable discretion to fashion a remedy for this failure. Defendant argues that, given the protracted delay in the case, providing discovery now, or granting a continuance for the State to provide discovery, is an inappropriate remedy. I agree. Rather, Defendant argues for the exclusion of the evidence or, in the alternative, dismissal of the case. Since the exclusion of evidence would likely result in a *nolle prosequi*, there is little functional

---

[1] Super. Ct. Crim. R. 16(h).

difference between the remedies of exclusion and dismissal. The issue, then, is whether there is a legal basis for either remedy.

If the State fails to provide discovery materials, under Delaware law Defendant's remedy depends upon whether the violation prejudiced Defendant's substantial rights. In *Thompson v. State*,[2] the defendant was convicted in the Court of Common Pleas of violation of privacy. On appeal, this Cout affirmed. On further appeal to our Supreme Court, the defendant argued that the State's failure to produce a copy of a telephone call between the victim's father and a police officer required dismissal of the privacy charge. The Supreme Court examined the three-step analysis of the *Deberry*[3] case. First, the court looks to whether the requested material, if extant in the possession of the State at the time of the defense request, has been subject to disclosure under Rule 16. Second, if it is subject to disclosure, the next question is whether the government had a duty to disclose the material. Third, if such a duty existed, was the duty breached, and what consequences flow from a breach. Answering questions one and two in the affirmative (as I do here), the Court moved on to the third step:

> In applying [the] third step, the court "draw[s] a balance between the nature of the State's conduct and the degree of prejudice to the accused." We analyze the nature of the State's conduct by employing a separate three-step analysis: "(1) the degree of negligence or bad faith involved

---

[2] 919 A.2d 562 (Del. 2007) (Table).
[3] *Deberry v. State*, 457 A.2d 744 (Del. 1983), applying *Brady v. Maryland*, 373 U.S. 83 (1963), in Delaware.

(2) the importance of the missing evidence considering the probative value and reliability of secondary or substitute evidence that remains available and (3) the sufficiency of the other evidence produced at the trial to sustain the conviction."[4]

The Court found that the degree of negligence or bad faith by the State was minimal because the evidence was accidentally lost. Second, significant probative and reliable secondary or substitute evidence was available. Third, the degree of prejudice to the defendant was slight. Thus, the Court found no merit to the Defendant's claim.

Here, the facts are very different. I find no bad faith by the State. However, no significant probative and reliable secondary or substitute evidence had been produced; almost *none* of that evidence had been produced. Finally, the degree of prejudice to Defendant was great. He was unable to prepare his own defense right up to the date of trial.

Other Delaware case law is clear that a conviction will be set aside if the State fails to comply with its discovery obligations, and if Defendant's substantial rights are prejudicially affected.[5] By analogy, in my view a case can be dismissed before trial on a proper motion by Defendant for an egregious failure such as the one here.

---

[4] *Thompson*, at 5 (footnotes and internal citations omitted).
[5] *Clay v. State*, 164 A.3d 907 (Del. 2017); *Waters v. State*, 242 A.3d 778 (Del. 2020); *Wharton v. State*, 246 A.3d 110 (Del. 2021).

I note that the Rule provides that I *shall* consider whether Defendant moved to compel compliance with the Rule. As stated above, Defendant filed no such motion. However, on several occasions Defendant notified the State that the evidence provided was for the wrong case, was incomplete, or had not been provided at all. In my view, while acknowledging that a motion to compel was not filed by Defendant, this does not obviate the State's clear failure to meet its obligations under the Rule. Defendant's counsel was required to satisfy her obligations under the Rule, but not to assume those of the State when the State failed to do so.

## Conclusion

For the reasons discussed above, I find that the State violated its discovery obligations under Rule 16 and that the appropriate remedy is dismissal of the case.

Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Craig A. Karsnitz
Criag A. Karsnitz

cc:    Prothonotary