IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAELA CEPHAS, | § | |
| | § | |
| Plaintiff Below, | § | No. 42, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| KATRINA CEPHAS, | § | C.A. No. N17C-03-1679 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: June 14, 2019
Decided:    August 14, 2019

Before **STRINE,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The plaintiff below-appellant, Michaela Cephas, filed this notice of appeal from a Superior Court order granting the motion for summary judgment filed by the defendant below-appellee, Katrina Cephas.[1]  After careful consideration of the parties' arguments, we affirm the Superior Court's judgment.

(2)    Katrina is Michaela's aunt.  In 2002, after the death of Michaela's mother following surgery, the Family Court named Katrina the guardian of

---

[1] For purposes of clarity, the parties are referred to as Michaela and Katrina throughout this order.

Michaela's person. Katrina filed, on behalf of the estate and Michaela, a medical malpractice case arising from the death of Michaela's mother. In 2004, Katrina filed a petition for her appointment as guardian of Michaela's property and approval of a settlement in the Superior Court and the Court of Chancery. The petition was granted and jurisdiction was transferred to the Court of Chancery.

(3) As part of the settlement agreement, a lump sum was paid to Katrina as next friend and guardian ad litem for Michaela. The court order approving the settlement required this money to be placed in a guardianship account for Michaela. The settlement agreement also provided for the payment of $500 a month to Katrina as guardian of Michaela until 2016. The order approving the settlement did not refer to the monthly payments. The payor paid the $500 a month to Katrina, not the guardianship account for Michaela.

(4) In January 2007, the Family Court rescinded Katrina's guardianship and returned Michaela to her father's custody. In 2012, Michaela's father asked the Office of the Register in Chancery about replacing Katrina with himself as the guardian of Michaela's property, but did not file a petition to do so. In March 2016, a Court of Chancery Master granted Katrina and Michaela's petition for the transfer of the guardianship account funds to Michaela. Katrina was discharged as guardian. Michaela signed a release acknowledging that she had received all money owed to her by Katrina and releasing Katrina from all suits concerning the guardianship.

2

(5) In November 2016, Michaela's father sent a letter to the Court of Chancery alleging that the $500 monthly payments were intended for Michaela's benefit and that Katrina should not have received those payments after the rescission of the Family Court guardianship. Katrina responded to the allegations. A Court of Chancery Master issued a report concluding that Katrina had not breached her fiduciary duties and that the release barred Michaela's claims against Katrina. Michaela's father filed exceptions to the report.

(6) On February 7, 2017, the Court of Chancery affirmed the Master's rulings on procedural grounds, not the substantive grounds in the report. The Court of Chancery held that Michaela's father lacked standing to assert the claims because Michaela was a competent adult who could assert the claims in her own name. If Michaela wished to pursue a claim for breach of fiduciary duty, she could do so by initiating a new, separate action in her own name. The Court of Chancery ruled that the affirmance of the Master's report was without prejudice to Michaela's right to pursue her claims in accordance with Court of Chancery rules and procedures. Michaela's father sent a letter to the Office of the Register in Chancery objecting to the Court of Chancery's decision, which was returned to him because the matter was closed.

(7) On March 30, 2017, Michaela filed a one-page complaint in the Superior Court. She alleged that Katrina was not entitled to the $59,500 (119

3

monthly payments of $500) she received while Michaela was with her father. On June 22, 2017, Michaela filed an amended complaint that included the Family Court order rescinding guardianship and excerpts of the settlement agreement and the order approving the settlement. After answering the complaint, Katrina filed a motion for summary judgment. The Superior Court granted the motion for summary judgment on January 9, 2019. The Superior Court held there was no breach of the settlement agreement, the issue raised by Michaela was fully litigated in the Court of Chancery, and the Superior Court lacked jurisdiction over any breach of fiduciary duty claims. This appeal followed.

(8) On appeal, Michaela argues that Katrina should not have retained the $500 a month payments after the Family Court guardianship was rescinded in 2007. We review grants of summary judgment and questions of law *de novo*.[2]

(9) To the extent Michaela is asserting a breach of the settlement agreement, the Superior Court did not err in concluding that there was no breach. The settlement agreement provided for the payment of $500 a month to Katrina as guardian of Michaela from December 16, 2004 through February 16, 2016. Although the Family Court guardianship was rescinded in 2007, Katrina remained guardian of Michaela's property in the Court of Chancery until 2016. As the

---

[2] *Ramirez v. Murdick*, 948 A.2d 395, 399 (Del. 2008); *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).

Superior Court recognized, it may have made sense to modify the Court of Chancery guardianship when Michaela returned to her father's custody, but no party pursued such a modification.

(10) To the extent Michaela alleges that Katrina breached her fiduciary duties as guardian, the Superior Court did not err in concluding that it lacked jurisdiction over this claim. A breach of fiduciary duty claim must be brought in the Court of Chancery.[3] In light of these rulings, it is unnecessary to resolve the effect, if any, of the Court of Chancery decisions in the Superior Court proceedings.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *See, e.g.*, *Clark v. State Farm Mut. Auto. Ins. Co.*, 131 A.3d 806, 812 n.13 (Del. 2016) (holding policyholders were required to bring breach of fiduciary claim in the Court of Chancery).

5